THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHARLES SPAIN,** | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 5:09-cv-176 (CAR) |
| **DAVITA, INC.,** | : | |
| | : | |
|     Defendant. | : | |
| | : | |
| _____ | : | |

## ORDER ON MOTION FOR PSYCHOLOGICAL EVALUATION

Defendants Clement Chigasa Nwosu ("Dr. Nwosu") and Middle Georgia Nephrology Associates, LLC, have moved the Court to order a psychological evaluation of the Plaintiff, Charles Spain ("Mr. Spain"), to determine his competency, and, if warranted by the results of such an evaluation, to appoint a guardian or next friend to represent Mr. Spain's interest. The Court finds that the record in this case does not warrant a court-ordered psychological evaluation or the appointment of a guardian. The evidence available to the Court indicates that Mr. Spain is competent to maintain this action on his own behalf, and his present representation by counsel is sufficient to protect his interests. Accordingly, Defendants' Motion for Court-ordered Psychological Evaluation (Doc. 15) is **DENIED**.

The appointment of a legal representative for an incompetent person is governed in the federal courts by Rule 17(c) of the Federal Rules of Civil Procedure. The Rule provides:

> Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant

1

> or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

Fed.R.Civ.P. 17(c). Under the Rule, a court shall appoint a guardian only if it determines that a party is (a) incompetent and (b) not otherwise represented in the action. The Rule also gives courts discretion to consider whether an incompetent party's interests may be protected by other means. In this case, the Court finds no evidence to indicate that Plaintiff is incompetent and, to the extent that Plaintiff may be incompetent, his interests are adequately represented by his current counsel.

**1.      Plaintiff's competence**

The evidence before the Court indicates that Plaintiff, although suffering from a mental illness, is sufficiently competent to maintain this action on his own behalf. This evidence consists primarily of the records and testimony of Plaintiff's treating psychiatrist, Dr. Anita Makita, and the representations of his counsel. Defendants have presented no evidence to contradict or question this evidence or to make a prima facie case of Plaintiff's incompetence.

Mr. Spain's psychiatric history indicates that he has a serious mental illness, but does not indicate that his illness currently makes him unable to know and pursue his own interests in litigation. At the May 21, 2009 hearing on Mr. Spain's Motion for Preliminary Injunction, Dr. Makita testified that she had diagnosed Mr. Spain with bipolar disorder, most recent episode manic. T.7[1] In the summer of 2008, Mr. Spain experienced an episode of severe decompensation that required him to be hospitalized at Central State Hospital in Milledgeville, Georgia. When he first appeared at Central State, Mr. Spain was disoriented, hyperverbal, and hypergraphic. T.10. During this episode, he would have been clearly incompetent to pursue his own interests. Dr. Makita

---

[1] Citations to the transcript of the May 21, 2009 hearing (Doc. 8) are noted by a capital "T" followed by the page number from the transcript.

testified, however, that Mr. Spain's condition improved significantly after several months of inpatient treatment.

Mr. Spain's condition continued to improve until he was competent to be released from Central State. By February 2009, Dr. Makita concluded that Mr. Spain was clearly not psychotic and was able to communicate his need and wants appropriately. T.13. After Mr. Spain's manic episode ended, "he became more reasonable and judgment returned." T.16. He was discharged from Central State on April 29, 2009. There is little information in the record concerning Mr. Spain's condition since his discharge from Central State. Most of the time since his discharge he has been hospitalized at Coliseum Medical Center in Macon.

Support for Mr. Spain's competence is also provided by the observations of his attorney. Mr. Spain's counsel has represented to the Court, in response to Defendants' Motion, that Mr. Spain is able to communicate effectively with counsel "about the prosecution, control, and direction of this lawsuit." Plaintiff's Response 8 (Doc. 20). The Court accepts this representation as the statement of an officer of the court and has no reason to doubt its accuracy. Counsel further states that

> Mr. Spain understands and participates with the undersigned counsel in making decisions [about] the handling of this action. Mr. Spain has provided and continues to provide direction to the undersigned counsel about the direction and objectives involved in this action. Mr. Spain has engaged in conversation with the undersigned counsel from the beginning of our relationship, and has steadfastly stated that he wants to live at home and receive necessary supports and services in his community (Macon).

Id. As counsel indicates, Mr. Spain's interests are not complicated: he needs regular dialysis and he desires to receive that treatment in his home community on an outpatient basis. His counsel's experience indicates that he has the competence to maintain the pursuit of those interests on his own behalf.

Defendants have presented no evidence to support a finding that Mr. Spain is legally incompetent, apart from the fact that he suffers from a psychological disorder. There is nothing in the record to suggest that Mr. Spain has been adjudicated incompetent by any court or public agency. There is no evidence from any mental health professional that Mr. Spain's mental illness, in its current state, would render him legally incompetent. The only evidence from a mental health professional is in the testimony and records of Dr. Makita, who considered Mr. Spain sufficiently competent to be released from the hospital and to care for his own needs, with the assistance of family members. Defendants' Motion lacks evidence sufficient to warrant depriving Mr. Spain of his right to pursue his own interests and maintain control over his case, with the assistance of his chosen counsel. Moreover, Defendants have failed to show that a court-ordered psychological evaluation is necessary.

**2.     Plaintiff's representation**

The appointment of a guardian is unwarranted in this case not only because there has been no showing that Mr. Spain is legally incompetent, but also because Mr. Spain is currently represented by an attorney who is capable of protecting his interests as well as any court-appointed guardian would. Mr. Spain's counsel, Wayne Basford, is a staff attorney for the Georgia Advocacy Office, a private, non-profit corporation designated as the provider of legal and advocacy services for mentally ill persons in Georgia under the federal Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. § 10801-10807. As such, counsel has as much experience in the representation of individuals with mental illness as any guardian the Court might appoint. He has no conflict of interest, as he is compensated with public funds and is solely Mr. Spain's representative. He is not being compensated by Mr. Spain's family, and as an attorney and officer of the Court he is aware that it is his duty to represent the interests of Mr. Spain even when those

interests may conflict with the interests or desires of Mr. Spain's family members.  The Court has no reason to doubt his ability to fulfill that duty.

Based on Defendants' Motion and Dr. Nwosu's testimony at the preliminary injunction hearing, it appears that Defendants' concerns about Mr. Spain's competency arise primarily from a dissatisfaction with the litigation strategy Mr. Spain is pursuing in this case, and particularly with the decision to name Dr. Nwosu as a defendant.  In their Motion, Defendants contend that "these adverse proceedings and the threat of adverse proceedings by Mr. Spain's family have adversely impacted his ability to access medical care as physicians have declined to form physician-patient relationships with him or terminated their existing relationship." Defendants' Motion ¶ 5 (Doc. 15). At the preliminary injunction hearing, Dr. Nwosu testified with some passion about his dismay that Mr. Spain's counsel "would have the guts to come and bring me to court and for me to come and defend [myself]."  T.59.  Dr. Nwosu testified that threats of litigation caused another nephrologist to refuse to treat Mr. Spain.  Id.   The Court has received information to indicate that Dr. Nwosu may also have terminated his relationship with Mr. Spain.

A defendant's disagreement with a plaintiff's litigation strategy is not cause for the Court to appoint a guardian to assume Plaintiff's interests.  Neither the Court nor the Defendants have any right to dictate the litigation strategy to be pursued in Plaintiff's behalf.  If a guardian were appointed, that guardian might well choose to pursue the same litigation strategy currently being pursued by Plaintiff and his counsel, or might choose to pursue a litigation strategy even more disagreeable to Defendants.

The only concern for the Court is that Plaintiff is competent to know and pursue his own interests, and that he is represented by counsel who is acting in good faith and with reasonable diligence to further those interests.  Defendants have not presented evidence sufficient to call into

5

question Mr. Spain's competence or the capacity of his counsel to represent his interests. The evidence available to this Court indicates that Mr. Spain, though disabled, is sufficiently competent to maintain control over his own case and that his counsel is an adequate representative of his interests.

It is SO ORDERED this 15th day of October, 2009.

<div style="margin-left: 3em;">

S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT

</div>

chw